This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 31,126

**MICHAEL RIGGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Court Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Michael Riggan (Defendant) appeals from the judgment and sentence convicting him in a bench trial of aggravated driving while intoxicated and failure to dim his headlights.  [RP 88]  Defendant does not contest his conviction for failure to

dim his headlights. [DS 1] Defendant contends that substantial evidence does not support his conviction for aggravated DWI. [DS 14]

This Court's calendar notice proposed to affirm Defendant's convictions. Defendant has filed a memorandum in opposition that we have duly considered. Unpersuaded, however, we affirm.

**DISCUSSION**

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "Substantial evidence is that which is acceptable to a reasonable mind as adequate support for a conclusion." *State v. Sanchez*, 2001-NMCA-109, ¶ 14, 131 N.M. 355, 36 P.3d 446. "We review the evidence in the light most favorable to the State, resolving all conflicts and indulging all permissible inferences to uphold a verdict of conviction." *Id.* (internal quotation marks and citations omitted). The test is not whether substantial evidence would support an acquittal, but whether substantial evidence supports the verdict actually rendered. In analyzing the evidence under that standard, we disregard conflicts in the evidence that would have supported a contrary verdict. *Id.*

In the memorandum in opposition, Defendant continues to argue that substantial evidence does not support his conviction for aggravated DWI. [MIO 3] Defendant asserts his conviction is based on surmise and conjecture [MIO 5, 7] and unreasonable inferences. [MIO 6] Defendant argues that his driving was safe. [MIO 7] He points out that his vehicle's and the officer's were the only ones on the rural road when he failed to dim his bright lights, which he was reasonably using for safety; he was not speeding; and he admitted to having had a few drinks a couple of hours before, but even the officer admitted that the officer did not "equate" a few drinks with impairment. [MIO 8] Defendant further insists that the smell of alcohol on his breath is not enough to prove that he was under the influence and that it was not until during the HGN tests that the officer detected the odor of alcohol and saw Defendant's bloodshot and watery eyes. [Id.] Defendant also continues to argue that the evidence from the field sobriety tests was improper or irregular due to Defendant's knee injuries and surgeries and due the field sobriety tests' scientific inadequacies. [MIO 9-16] Finally, in discussing the scientific inadequacies of the field sobriety tests, Defendant cites case law to the effect that the only appropriate measure to assess the accuracy of the field sobriety tests is a BAC. [MIO 11] In this regard, we note, however, that Defendant admits that he refused to take the breath test, and that such refusal may

3

provide the discretionary inference of Defendant's "consciousness of guilt." [MIO 11, 16] *See State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187

"A person is under the influence of intoxicating liquor if 'as a result of drinking liquor [the driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public.'" *Sanchez*, 2001-NMCA-109, ¶ 6 (quoting UJI 14-4501 NMRA). Our case law confirms that the impaired-to-the-slightest-degree standard of proof is the proper measure of the language "under the influence of intoxicating liquor" and that this standard gives the public fair and adequate notice of what constitutes a violation of the statute. *See State v. Neal*, 2008-NMCA-008, ¶¶ 26-28, 143 N.M. 341, 176 P.3d 330. Moreover, we have upheld convictions under this standard in cases where the officers observed no irregular driving, the defendant's behavior was not irregular, he was cooperative, and no field sobriety tests were conducted, in a situation where the defendant "had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of alcohol on his breath," the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had been, and the officers testified that the defendant was definitely intoxicated. *See Soto*, 2007-NMCA-077, ¶¶ 3-4, 34. With regard to whether the

4

officer could determine that Defendant was "under the influence," in *Neal*, we observed that:

> The Legislature was not concerned with the amount of alcohol in the defendant's body when enacting Subsection (A); rather, it was concerned with the effect or influence of the alcohol on the defendant's ability to drive. That there was no scientific proof or, as Defendant puts it, "objective proof" to measure the level or degree of influence of alcohol does not mean that there was a conviction on less than sufficient evidence to prove guilt beyond a reasonable doubt . . . the factfinder could rely on common knowledge and experience to determine whether Defendant was under the influence of alcohol. *See State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a factfinder can rely on "human experience" in deciding whether a defendant was under the influence and could "drive an automobile in a prudent manner"); *Sanchez v. Wiley*, 1997-NMCA-105, ¶¶ 2, 19, 124 N.M. 47, 946 P.2d 650 (holding that a witness could rely on his knowledge in testifying that the defendant was "drunk").

*Neal*, 2008-NMCA-008, ¶ 27.

In this case, the officer testified that he arrested Defendant for DWI based on the odor of alcohol coming from Defendant's person, Defendant's admission to drinking, Defendant's bloodshot, watery eyes, and Defendant's irregular performance on the field sobriety tests. [DS 9] In addition, the officer testified that he believed Defendant was impaired by alcohol to the slightest degree. [Id.] The officer further testified that he read the New Mexico Implied Consent advisories to Defendant and asked Defendant if he would take a blood test, and Defendant answered, "Negative." [DS 9-10]

5

We hold that Defendant's conviction for aggravated DWI is supported by substantial evidence. We remain persuaded that Defendant's arguments in the docketing statement and the memorandum relate to the weight of the evidence considered by the district court as fact finder in a bench trial rather than to the substantial evidence that supports his conviction. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder (in this case, the district court judge) to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703 (stating that when reviewing the sufficiency of the evidence, "we do not reweigh the evidence or substitute our judgment for that of the [fact finder]").

**CONCLUSION**

We affirm Defendant's conviction for aggravated DWI.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

6

_____

**TIMOTHY L. GARCIA, Judge**